IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE, by and through her Mother and Next Friend, MARY DOE, <br><br> Plaintiff, <br><br> vs. <br><br> VILLAGE OF XENIA, JESSE GOFF, and JERRY BURKETT, <br><br> Defendants. | Case No. 3:23-cv-2734-DWD |

## AGREED PROTECTIVE ORDER

Before the Court is the Joint Motion for a Protective Order (Doc. 32). On November 28, 2023, the Court granted Plaintiff's Petition for Leave to Appear Under a Fictitious Name. *See Roe v. Dettelbach*, 59 F.4th 255, 259-60 (7th Cir. 2023); *accord Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016); *Doe v. Blue Cross & Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997); (Docs. 3 & 26). When doing so, the Court noted, in the 7-Count Complaint (Doc. 1), Plaintiff, who is a 16-year-old minor, alleges violations of 42 U.S.C. § 1983 (Counts I & V), the failure to retain and supervise (Count II), the intentional infliction of emotional distress (Counts III & IV), battery (Count VI), and aggravated criminal sexual abuse (Count VII). Those allegations stem from Defendant Goff's grooming and sexual assault of Plaintiff while acting in his capacity as a volunteer police officer for the Village of Xenia Police Department. In the Petition, Plaintiff argued the issues of sexual assault and sexual molestation have and will continue to cause her severe and permanent physical, mental, and emotional distress. (Doc. 3). Further, the disclosure of her name would purportedly "add nothing to the case but would only serve to enhance

and engender additional mental and emotional distress which would be suffered by the minor child and family if…[her] identity were made public." (Doc. 3).

When granting the Petition, the Court advised the parties, to the extent a protective order was necessary under Federal Rule of Civil Procedure 26(c)(1), they were to meet and confer on the appropriate scope and language of such a protective order, to file a motion requesting that relief, and to submit a proposed protective order. (Doc. 26). The parties have now done so, indicating a protective order is necessary to further protect Plaintiff's identity. The parties also submit that the interests of no party to this action, nor of the public, will be adversely impacted by their proposed protective order. The Court agrees. Accordingly, for good cause shown under Rule 26(c)(1), the Court **GRANTS** the Joint Motion and **ADOPTS** the following Agreed Protective Order:

To facilitate discovery and to prevent unnecessary disclosures of confidential information concerning the identity of Plaintiff, and the identity of other alleged victims of childhood sexual abuse, the Court enters this Agreed Protective Order at the request of the parties. **IT IS ORDERED** that the following procedures shall be adopted with respect to documents and other information produced and/or disclosed in this action.

1. Due to the explicit nature of this action, including the allegation that Plaintiff was a victim of childhood sexual abuse, the identity of Plaintiff shall remain confidential throughout the proceedings in this case, including but not limited to discovery, as the named Defendants have been apprised of the true identity of Plaintiff.

2. If there are additional alleged victims of childhood sexual abuse (hereinafter "other alleged victims") they are entitled to protection as well. Due to the

explicit nature of this action, and the fact that these alleged victims were minors at the time of the alleged abuse, the identity of these other alleged victims shall remain confidential throughout the proceedings in this case, including but not limited to discovery. The parties will agree to apprise each other of the true identity of these other alleged victims pursuant to the terms of this Agreed Protective Order.

3. The identity of Plaintiff and any other alleged victims shall not be disclosed to any person except as hereafter provided.

4. All documents and materials filed with the Court, including, but not limited to, any deposition transcripts, exhibits, answers to interrogatories, briefs, memoranda, affidavits and/or pleadings, which contain the identity of Plaintiff or any other alleged victims, shall be filed in accordance with Local Rule 5.1(c) by, *inter alia*, refraining from including, or redacting where inclusion is necessary, any personal identifiers of Plaintiff or any other alleged victims.

5. The identify of Plaintiff and/or any other alleged victim shall not be disclosed to any person other than:

   (a) The Court, provided that any such material containing the identity of Plaintiff and/or any other alleged victim that is filed with the Clerk of the Court, shall be sealed pursuant to paragraph 4, above, and subject to release only by an Order of the Court;

   (b) Counsel of record for the parties herein (including other attorneys and staff in their offices);

   (c) Consultants and experts (and their employees and staff) specifically employed by counsel to assist in the conducting of this litigation;

   (d) Defendants who are involved in the discovery proceedings or the preparation of this action for trial;

(e) Persons who are actual or potential witnesses or deponents in this action, provided, however, that such persons shall not be allowed to retain copies of any and all information concerning the identity of Plaintiff and/or any other alleged victim;

(f) Such other persons as may be hereafter authorized in writing by Plaintiff and any other alleged victims, and

(g) Such persons as may be hereafter authorized by further Order of the Court.

This Agreed Protective Order shall not limit the right of Plaintiff or any other alleged victims to disclose his or her identity to persons and/or entities of his or her choosing. Such disclosures do not waive the protections of this Agreed Protective Order.

6. Prior to any disclosure by counsel of the identity of Plaintiff, and/or of any other alleged victims, to any person listed in paragraphs 5(c), 5(d), 5(e), 5(f) or 5(g) of this Agreed Protective Order, a copy of this Agreed Protective Order shall be presented to that person, who shall review it and who shall signify that he or she has reviewed the contents of this Agreed Protective Order and consents to be bound by its terms. The improper disclosure of the identity of Plaintiff and/or of any other alleged victims may be, in addition to other remedies available to a party, punishable at the Court's discretion.

7. Any deponent who is to be questioned concerning the identity of Plaintiff or any other alleged victim, and the deponent's counsel, if the deponent is not represented by counsel representing a party in this action, shall abide by this Agreed Protective Order. The examination of a deponent concerning the identity of Plaintiff and/or any other alleged victims, pursuant to such a grant of permission by the Court or such authorization by Plaintiff and/or any other alleged victims, shall be in accordance

with all other provisions of this Agreed Protective Order, and any violation may be sanctionable at the Court's discretion in addition to all other available remedies to the party. Whenever the identity of Plaintiff and/or any other alleged victim is to be discussed or disclosed in a deposition, either party may exclude from the room during such testimony any person who is not authorized to receive such information under this Agreed Protective Order. The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel to advise the deponent that he or she need not answer the question. Any court reporter who reports or transcribes testimony shall also agree not to disclose the identity of Plaintiff and/or any other alleged victims, except as provided for under the terms of this Agreed Protective Order.

8. The terms of this Agreed Protective Order shall continue to be binding both during and after the disposition of this case, including any appeals.

9. The parties are instructed that any request made pursuant to this Agreed Protective Order must be consistent with the Scheduling and Discovery Order to be filed in this matter. No written motions should be filed except by leave of the Court.

10. This Agreed Protective Order may be modified by application of the parties to the Court with notice. The Court may, in its discretion, modify or amend this Agreed Protective Order, as it or the parties may deem necessary.

**SO ORDERED**.

Dated: December 14, 2023

s/ *David W. Dugan*
DAVID W. DUGAN
United States District Judge